UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **Horton, Inc.**<br><br>Plaintiff,<br><br>v.<br><br>**KitMasters, Inc.**<br><br>Defendants. | ) | Civil Action No. 00-2660 DWF/AJB<br><br>**CONSENT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND DISMISSAL** |

This case comes before the Court based upon a settlement reached by the parties in which the parties stipulated to an order for a permanent injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and 35 U.S.C. §283. The parties stipulate to the following findings, and accordingly, this Court finds:

a. Plaintiff Horton, Inc. (Plaintiff or Horton) is the owner of U.S. Patent No. 4,877,117 entitled "Rotational Control Apparatus" ('117 patent) and U.S. Patent No. 5,398,794 entitled "Overheating Protection Device For Rotational Control Apparatus" ('794 patent).

b. Plaintiff alleges as part of its suit against Defendant KitMasters, Inc. (Defendant or KitMasters), that Defendant has infringed the '117 patent as a result of selling and offering for sale at least the S Advantage Super Kits (KitMasters Part No. 7500HP), HT/S Advantage Super Kits (KitMasters Part No. 9500HP), hubs for S and HT/S Advantage clutches and HT/S Advantage piston friction discs (PFD).

APR 1 3 2001
FILED
FRA CLERK
JUDGMEN
DEPUTY C
APR 1 3 2001

c. Plaintiff further alleges Defendant has infringed the '794 patent as a result of selling and offering for sale at least the HT/S Advantage Super Kits (KitMasters Part No. 9500HP), HT/S Advantage PFD and fuses for the HT/S Advantage clutches.

d. Defendant agrees and acknowledges that it has had a full and fair opportunity to investigate the validity and enforceability of the '117 patent and the '794 patent, and that based upon its investigation Defendant is not familiar with any circumstances or facts which would make either the '117 patent or the '794 patent invalid or unenforceable. Defendant agrees that it had a full and fair opportunity to litigate the validity and enforceability of the '117 patent and the '794 patent in the present suite, but has chosen to settle the suit instead.

e. The parties reached a settlement on January 25, 2001, under which they have requested that this Court permanently enjoin Defendant from infringing Plaintiff's '117 patent and '794 patent.

It Is Hereby Adjudged and Ordered as Follows:

1. Defendant and its officers, agents, servants, and employees are enjoined from making, using, selling, offering for sale or importing any product that infringes either of Plaintiff's '117 patent or '794 patent.

2. Except and save for the Court retaining jurisdiction over the parties for purposes of enforcement of this Order, the above-referenced action is dismissed with prejudice, each party to bear its own costs and attorney's fees.

DATED: Apr. 12 2001

DONOVAN W. FRANK
Judge of United States District Court

APPROVED AND AGREED TO:

By: ________________________
David R. Fairbairn (28,125)
Michael J. Pape (26,989X)
KINNEY & LANGE, P.A.
The Kinney & Lange Building
312 South Third Avenue
Minneapolis, MN 55415-1002
(612) 339-1863

Dated: March 30, 2001

**ATTORNEYS FOR PLAINTIFF**

By: ________________________
Alan M. Anderson (149,500)
Renee L. Jackson (222,604)
LARKIN, HOFFMAN, DALY & LINDGREN, LTD.
1500 Norwest Financial Center
7900 Xerxes Avenue South
Bloomington, MN 55431
(612) 835-3800

Dated: April 3, 2001

**ATTORNEYS FOR DEFENDANT**